**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew King | : | |
| 1685 Columbus Road | | |
| Granville, OH 43023 | : | CASE NO. |
| Plaintiff, | : | JUDGE |
| v. | : | MAGISTRATE JUDGE |
| Orange Township | : | |
| c/o Michele Boni | | **COMPLAINT WITH** |
| Township Administrator | : | **JURY DEMAND** |
| 1680 E. Orange Road | | **ENDORSED HEREON** |
| Lewis Center, OH 43035 | : | |
| And | : | |
| Robert B. Grumbles | : | |
| 7094 Fox Hollow Lane | | |
| Brownsburg, IN 46112 | : | |
| And | : | |
| Ryan Fitzpatrick Rivers | : | |
| 2564 Bold Venture Drive | | |
| Lewis Center, OH 43035 | : | |
| And | : | |
| Deborah Suzanne Taranto | : | |
| 188 Stonebend Drive | | |
| Powell, OH 43065 | : | |
| Defendants. | : | |

Now comes Plaintiff Andrew King ("Plaintiff") for his complaint against Defendant Orange Township (the "Township"), Defendant Robert B. Grumbles ("Grumbles"), Defendant Ryan Fitzpatrick Rivers ("Rivers"), and Defendant Deborah Suzanne Taranto ("Taranto") (collectively, the "Defendants"), and hereby states as follows:

130384105v1

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367, because Plaintiff's state law claims are related to his federal claims over which the Court has jurisdiction that those claims form part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with the Township in the Southern District of Ohio and performed his job duties there, and the Township is doing and has done substantial business in the Southern District of Ohio.

## PROCEDURAL HISTORY AND REQUIREMENTS

5. On or about December 10, 2021, Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC"), and the Ohio Civil Rights Commission ("OCRC") through dual filing and a work share agreement. See Exhibit 1.

6. On or about December 7, 2022, the OCRC found probable cause against the Township and filed a complaint against the Township.  See Exhibit 2.

7. Based on the OCRC findings, the Township entered into a Conciliation Agreement. See Exhibit 3.

8. On or about September 25, 2023, the EEOC issued a Notice of Right to Sue as to Plaintiff's EEOC charges. The Plaintiff received the issued Notice of Right to Sue by mail after the date of issuance. See Exhibit 4.

9. The Plaintiff exhausted all required administrative remedies before commencing this action.

10. The complaint was filed within 90 days of receipt of the Notice of Right to Sue issued by the EEOC.

## PARTIES

11. Plaintiff is a citizen of the United States of America and a resident of Ohio. He is currently a Court of Appeals Judge for the Fifth District of Ohio. Plaintiff resides in Licking County, Ohio.

12. The Township is located in Delaware County, Ohio, and covers all of Orange Township. It is governed by elected township officials referred to as township trustees.

13. The current township trustees are Erica Fouss who serves as Chair of the Board of Trustees; Lisa Knapp serves as Vice Chair of the Board of Trustees; Lisa Kraft serves as Fiscal Officer; and Michael Ringle as Trustee. The current Township Administrator is Michele Boni.

14. At the time of Plaintiff's employment, Defendants Robert B. Grumbles, Ryan Fitzpatrick Rivers, and Deborah Suzanne Taranto served as Orange Township Trustees. The named trustees are sued in their individual and official capacities.

15. At all times pertinent to the allegations in this Complaint, the Township is an employer as defined under Title VII.

## FACTS

16. Plaintiff was hired as the Township Administrator for Orange Township, Delaware County, Ohio in April of 2020. Plaintiff's terms and conditions of employment were set forth in his Employment Agreement. A copy of Plaintiff's Employment Agreement is attached hereto as Exhibit 5.

17. As Township Administrator, Plaintiff was responsible for overseeing and directing the general operations of the Township, including the delivery of services to residents and the efficient operation of the Township's departments. Plaintiff was also responsible for informing and advising the Township's Board of Trustees on matters affecting the Township and implementing the policies of the Township's Board of Trustees.

18. Plaintiff's duties also included overseeing all human resource matters for the Township. Plaintiff also engaged in protected activity as it related to his position in conducting investigations and related inquiries.

19. During Plaintiff's tenure, he had knowledge of alleged discriminatory acts. After Plaintiff raised concerns of alleged discriminatory behavior of Defendant Grumbles, Plaintiff was not permitted to speak at the April 12, 2021 public meeting, nor in executive session where his employment was being discussed. Defendant Grumbles further instructed others in the community to not talk to Plaintiff, and encouraged staff to not listen to Plaintiff's advice in his role as Township Administrator.

20. On April 12, 2021, Plaintiff was placed on paid suspension and was not given a reason for the suspension. A copy of the meeting notice is attached hereto as Exhibit 6.

21. On May 3, 2021, Defendant Grumbles sent a meeting agenda, but did not note any action regarding Plaintiff's position. A copy of the meeting agenda is attached hereto as Exhibit 7.

22. On May 10, 2021, a special meeting notice was sent to hire a new Township Administrator. A copy of the special meeting notice is attached hereto as Exhibit 8. Defendant Grumbles, Defendant Taranto, and Fiscal Officer Kraft participated in interviewing and later negotiating with a candidate to be the replacement Township Administrator during Plaintiff's suspension.

## **COUNT I – BREACH OF CONTRACT**

23. The foregoing paragraphs are incorporated as if fully rewritten and restated herein.

24. The terms and conditions of Plaintiff's employment were agreed to and entered into in his Employment Agreement. The Township did not follow the terms of the agreement in regard to Plaintiff's employment and termination.

25. The Township failed to pay Plaintiff's monetary compensation due under the Employment Agreement.

## **COUNT II – HOSTILE WORK ENVIRONMENT**

26. The foregoing paragraphs are incorporated as if fully rewritten and restated herein.

27. Plaintiff was qualified and held the position as Township Administrator.

28. The Township is and was at all times relevant hereto an "employer", as that term is defined in 42 U.S.C. §2000e(b) and has more than 15 employees working more than each working day in each of the twenty or more calendar weeks. The Township is and was at all times relevant hereto an "employer" at that term is defined in R.C. 4112.01(A)(2) and employed more than the required number of employees to so qualify.

29. During the term of his employment, Plaintiff was subjected to mistreatment as he fulfilled the duties of his position.

30. Defendant Grumbles unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, and/or offensive work environment.

31. The remaining Defendants knew of Defendant Grumbles' behavior and actions toward Plaintiff.

32. For the reasons outlined in the preceding paragraphs and under 42 U.S.C. §2000e-2(1), the Township otherwise discriminated against Plaintiff concerning his compensation, terms,

conditions, or privileges of employment because of his engagement in protected activity creating an environment so pervasive in nature depriving him of employment opportunities.

33. Defendants knew or should have known of the actions herein and failed to take reasonable care to prevent and promptly correct the actions of the individuals, and are therefore liable for their actions.

34. As a direct result of the Defendants' acts and omissions set forth above, Plaintiff suffered and continues to suffer damages and losses including, but not limited to, loss of income, benefits, and other valuable job rights and future opportunities. Plaintiff suffered and continues to suffer from emotional distress for which he should be compensated.

35. The above actions by the Township constitute hostile work environment harassment in violation of 42 U.S.C. §2000e, *et. seq.*, equitable relief, including back pay, front pay, damages, attorneys' fees, compensatory damages, including damages for emotional distress, loss of income, benefits and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 as well as R.C. 4112.052.

36. The Township and Defendant Grumbles engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

37. The Township's actions warrant the imposition of punitive damages under 42 U.S.C. §2000e, 42 U.S.C. §1983, Ohio common law, and other applicable laws.

38. Punitive damages are warranted under state law as Defendants' actions constitute oppression and/or malice. The Township authorized and ratified such conduct, or should have anticipated such conduct would occur, and taken steps to prevent such conduct, especially after

such conduct was reported to Defendants by Plaintiff, and appropriate remedial action and remedies were not taken.

## COUNT III – RETALIATION

39. The foregoing paragraphs are incorporated as if fully rewritten and restated herein.

40. During Plaintiff's employment, he engaged in the investigations of the Township regarding unlawful conduct and, as a result, adverse employment action was taken against Plaintiff as set forth above, in violation of 42 U.S.C. §2000e, *et. seq*, and R.C. Chapter 4112, *et. seq*.

41. Thus Plaintiff has been discriminated against because he opposed practices under Title VII and/or R.C. Chapter 4112, and because he made charges or participated in any manner in an investigation, proceeding or hearing under Title VII and/or R.C Chapter 4112, in violation of 42 U.S.C. §2000e-3(a) and under 4112.02(I).

42. As a direct and proximate result of Defendants' conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages including, but not limited to, loss of income, benefits, opportunity and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiff should be compensated.

43. The above actions by the Defendants constitute unlawful discrimination in violation of 42 U.S.C. §2000e, *et. seq.* and R.C. Chapter 4112, *et seq.*, rendering the Township liable for injunctive relief, equitable relief, including back pay, damages, attorneys' fees, compensatory damages, including damages for emotional distress, loss of income benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5, as well as R.C. Chapter 4112 and 4112.052.

44. The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

45. As a result, Defendants' actions warrant the imposition of punitive damages under 42. U.S.C. §1983, Ohio common law, and other applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Judgment in favor of Plaintiff against Defendants in an amount in excess of $25,000, such exact amount to be determined at a trial in this matter;

2. For all back pay, pre-judgment interest, front pay, post-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate him for the civil rights violations described above;

3. For compensatory damages, not otherwise included in backpay and pre-judgment interest and fringe benefits, including emotional damages, liquidated damages, injunctive relief, including the removal of any derogatory information regarding Plaintiff found in any employment file or otherwise;

4. For an award of punitive damages;

5. For sufficient injunctive relief, enjoining future violations of state and federal anti-discrimination law by Defendants, removal of any adverse employment information, and/or other restorative injunctive relief;

6. Awarding Plaintiff reasonable attorneys' fees;

7. Awarding Plaintiff the costs of these proceedings; and

8. Such other relief as this Court deems just and proper.

Dated: December 22, 2023  **TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Janica Pierce Tucker*
Janica Pierce Tucker (0074075)
41 S. High Street, Suite 1800
Columbus, OH 43215
Telephone:  (614) 221-2838
Facsimile:   (614) 221-2007
Email: jpierce@taftlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all issues.

*/s/ Janica Pierce Tucker*
Janica Pierce Tucker